12569

STATE v. BUTLER

(146 S. E., 418)

*Messrs. Sherwood & McMillan,* for appellant,

*Solicitor L. M. Gasque,* for respondent.

January 30, 1929.

The opinion of the Court was delivered by Mr. Justice Blease.

The appellant was convicted in the Court of General Sessions, before Hon. M. L. Bonham, Presiding Judge, for the violation of the Prohibition Law (Cr. Code 1922, §§ 820 888), in that he had contraband whiskey in his possession.

The testimony of the State showed that peace officers, acting under proper search warrant, found a cache of 35 jars of whiskey situate in the woods about 35 steps behind the garden of the defendant; and while searching the storehouse of the defendant, he picked up a quart jar about two-thirds full of whiskey and carried it out of his store and broke it.

The testimony of the defendant and his witnesses was to the effect that two of defendant's tenants occupied houses near the place where the whiskey was found in the woods; and defendant denied any knowledge of this whiskey. The whiskey found in the store was claimed to have been brought there by others without the defendant's knowledge or consent.

In his appeal to this Court, the appellant has four exceptions, all relating to the instructions given to the jury.

The first and fourth exceptions may be disposed of together. The first of these questions the correctness of the following contained in the charge:

"The other charge of having in possession means having in possession at the time, whether for any continuous length of time or in the immediate possession.

"There is a distinction between actual manual possession of a thing and the constructive possession of it. I have that paper in my manual possession—I have it in my immediate possession—I brought it with me from my room at the hotel.

"Suppose I had left it there on the dresser in my room this morning. I would not now have it in my immediate possession, but I would have it in my constructive possession, because when I return to my room I had a right to recover the possession of it, to take it into my manual possession. So that, if one has an article placed somewhere where he can get it when he wants it, he has it in his constructive possession. That is the distinction between constructive and manual or actual possession."

It is urged that the charge as given makes any possession of whiskey a crime; that it eliminated from the consideration of the jury innocent constructive possession caused by acts of others, which was the defense in the case; and it was a charge on the facts.

The fourth exception rests on the failure of the circuit Judge to grant a new trial, because of his failure to state to the jury that it was necessary for the state to prove as an element of the crime that the possession was an unlawful possession.

The charge as given was not on the facts, but it was responsive to the facts. The Judge did not state the testimony in any way, and gave no indication of his opinion as to the facts.

The extract from the charge standing alone was, perhaps, not sufficient. But the appellant has overlooked other instructions which are to be considered in connection with the language of the charge complained of. In the beginning of his charge, the Judge stated to the jury that the indictment against the appellant alleged, "that he did *unlawfully* receive and accept for *unlawful* use certain spirituous malt and intoxicating liquor." Then he called special attention to the second count of the indictment, on which the appellant was convicted, which charged that the appellant "did *unlawfully* receive and have in his possession *contraband* liquor." A little later the jury was instructed that the law of the State

made it unlawful "to have in possession, keep or store *contraband* liquor."

The word "contraband" is defined by Black's Law Dictionary to mean: "Against law or treaty; prohibited." This definition is approved in 13 *Corpus Juris,* 210. Webster also approves it.

When the trial Judge stated to the jury that the appellant was charged with having in his possession *contraband liquor,* he instructed them that he was charged with having in possession *unlawful* whiskey. The statement that the charge was having whiskey in possession, which was contraband whiskey, or unlawful whiskey, was sufficient in our opinion. Especially, was it sufficient when there was no demand for fuller instructions.

The second and third exceptions allege that the Judge incorrectly stated the law of "reasonable doubt." In charging on that subject, Judge Bonham instructed the jury as follows:

"When a man comes into Court, Mr. Foreman and Gentlemen of the jury, it becomes the duty of the State to prove his guilt beyond a reasonable doubt, which means simply this, that in the analysis, in the consideration of the evidence, if there arises from the evidence a doubt as to the guilt of the man, *for which doubt you can give a sound and substantial reason,* he is entitled to the benefit of that doubt and an acquittal at your hands.

"It is not to be an imaginative doubt. It must not be a speculative doubt—you do not go out into the realm of speculation. You confine yourselves to the evidence of the case and if, in the analysis of that evidence, as I have said to you, there arises a *doubt for which you can give a sound and substantial reason,* he is entitled to the benefit of the doubt and acquittal at your hands."

We have italicized the language which the appellant argues was particularly erroneous. It is urged that the italicized language "limited the jury to the consideration of only such

reasonable doubts as they could give sound and substantial reasons for."

In the case of *State v. Bodie,* 33 S. C., 117; 11 S. E., 624; the appellant complained that the trial Judge in defining reasonable doubt used the word "strong" in connection with the word "doubt." Mr. Justice McIver, speaking for the Court, in overruling the exception, said this: "The objection seems to be to the use of the word 'strong,' but when it is considered that it has been frequently said that a reasonable doubt, which would avail the accused, must not be a mere fanciful doubt, but that it must be a serious, well-founded doubt, growing out of the evidence, there can be no reason to suppose that a jury would be misled by the substitution of the word 'strong' for the words 'serious' or 'substantial' or 'well-founded.' All of these words are used, not in the sense of powerful, or overwhelming, but simply in contradiction to the words 'flimsy,' fanciful,' or 'slight,' and we cannot suppose that a jury would ever understand them in any other way. The law does not require that a criminal charge shall be proved beyond the slightest doubt, and it is only where the evidence leaves upon the minds of the jury—not a weak or slight doubt—but a serious or strong and well-founded doubt as to the truth of the charge, that the law, in its mercy, declares that the accused shall have the benefit of the doubt."

Under the rule as laid down in the *Bodie Case,* we do not see any error in the charge of the presiding Judge in this case.

The judgment of this Court is that the judgment of the Court of General Sessions of Horry County be, and the same is hereby, affirmed.

Mr. Chief Justice Watts, and Messrs. Justices Cothran, Stabler and Carter, concur.